IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MELISSA LANDA, | * |
| *Plaintiff*, | * |
| v. | *   Civil Action No. 22-cv-00016-TJS |
| UNIVERSITY OF MARYLAND, COLLEGE PARK, | * |
| *Defendant*. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REPLY IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS**

Defendant, the University of Maryland College Park, by its undersigned counsel, submits this Reply in Support of its Partial Motion to Dismiss. As Defendant stated in its Memorandum of Law in Support of its Partial Motion to Dismiss (ECF No. 34-1), the Court should dismiss: (1) Plaintiff's claims that Defendant created a hostile work environment based on Plaintiff's religion and retaliatory animus and (2) all discrete acts of alleged discrimination that occurred prior to March 29, 2017, which are time-barred.

**ARGUMENT**

Plaintiff Dr. Melissa Landa ("Plaintiff" or "Dr. Landa") alleges that the University treated her differently than it treated other faculty members because of her religion, retaliated against her because she opposed the University's discriminatory treatment, and subjected her to a hostile work environment because of her religion and because of the University's retaliatory animus, all in violation of Title VII. (ECF No. 33 ¶¶ 146-70, Counts I and II.) Dr. Landa's allegations of discrete acts of discrimination and retaliation that occurred prior to March 29, 2017, are time-barred, and she fails to state a plausible claim that the University created a hostile work environment for her. Thus, such claims should be dismissed.

I.  **DR. LANDA'S CLAIMS OF DISCRETE DISCRIMINATORY AND RETALIATORY CONDUCT PRIOR TO MARCH 29, 2017, ARE UNTIMELY.**

In her opposition, Dr. Landa essentially concedes that discrete acts of alleged discrimination that occurred prior to March 29, 2017, are not actionable because they are time-barred. *Carrero v. Farrelly*, No. CV JKB-16-3939, 2018 WL 1761957, at *5 (D. Md. Apr. 12, 2018) ("Plaintiff arguably conceded the very issue . . . by failing to respond to Defendants' argument . . . ."). She simply argues that she can use time-barred acts as background evidence in support of her timely claims. (ECF No. 35 at 2-3). Thus, the only discrete actions that could form the basis for her disparate treatment claims are those that she alleges occurred after March 29, 2017: (1) her termination, of which she received notice on June 8, 2017 (Amended Complaint, ECF No. 33 ¶ 124),[1] and (2) two "reprimands" by Dr. Hultgren in the spring of 2017.[2] (*Id.* ¶¶ 115-121.)

II. **DR. LANDA'S HOSTILE WORK ENVIRONMENT CLAIMS SHOULD BE DISMISSED.**

Although alleged discriminatory actions that occurred prior to March 29, 2017, would be considered untimely, Dr. Landa relies on the "continuing violation doctrine" to save her hostile

---

[1] The University's President affirmed Dr. Landa's termination one day later on June 9, 2017. (ECF No. 33 ¶¶ 122-25.) The statute of limitations begins to run for limitations purposes for Title VII when the employer advises the employee of the impending adverse employment action, such as when it advises the employee that she will be terminated, not when the adverse action takes effect, such as the last day of employment. *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980).

[2] The Amended Complaint suggests that Dr. Hultgren reprimanded Dr. Landa in an e-mail in April 2017 for notifying the Maryland Department of Education that Dr. O'Flahavan refused to cite Dr. Landa's work. (ECF No. 33 ¶¶ 115-117.) It is not clear from the Amended Complaint whether Dr. Hultgren conveyed the May 2017 "reprimand" verbally or in writing. (*Id.* ¶¶ 115-121.) It is also not clear whether Dr. Landa alleges that the "reprimands" were discrete acts of discrimination or part of her hostile work environment claims. In her EEOC Charge, Dr. Landa appears to combine the two into one, alleging that Dr. Hultgren reprimanded her for getting involved in the course assignments at the beginning of Passover, which was in April 2017. (*Id.* Exhibit C at 3, Exhibit D ¶ 58.)

work environment claims. (ECF No. 35 at 3-4.) In *National Railroad Passenger Corporation v. Morgan*, the U.S. Supreme Court held "that consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." 536 U.S. 101, 105 (2002). "Such a timely-act 'anchors' the previous acts that occurred more than 300 days before the charge, making them also timely under the continuing violation doctrine." *Edwards v. Murphy-Brown, L.L.C.,* 760 F. Supp. 2d 607, 620 (E.D. Va. 2011). Assuming, *arguendo*, that at least one of the alleged acts that occurred after March 29, 2017, "anchors" the previous alleged acts, Dr. Landa nevertheless fails to allege that her workplace was "permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993) (internal citations omitted).

Dr. Landa argues that she was "publicly humiliated, demeaned, threatened, alienated, and abused" before being terminated, "[s]he had her professional work product stolen and used without accreditation," and the University took classes away from her and gave them to less qualified professors. (ECF No. 35 at 5 (citations omitted).) Although Dr. Landa subjectively felt humiliated, demeaned, threatened, alienated, and abused, the conduct she alleges in her Amended Complaint is not objectively severe or pervasive such that it meets the "high bar" required to assert a plausible hostile work environment claim. (*See* Defendant's Memorandum of Law in Support of their Partial Motion to Dismiss, ECF 34-1 at 10-13.)

Dr. Landa cites legislative history and several cases about disparate treatment, including claims that an employer failed to hire or promote employees because of discrimination. (ECF No.

3

35 at 6-8.) Differential treatment, alone, is not sufficient to allege a hostile work environment. "Title VII does not prohibit 'genuine but innocuous differences' in the ways that persons interact during their employment with each other." *Sharafeldin v. Maryland, Dep't of Pub. Safety & Corr. Servs.*, 131 F. Supp. 2d 730, 737 (D. Md.) (quoting *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 81 (1998)), *aff'd sub nom. Sharafeldin v. State of Maryland, Dep't of Pub. Safety & Corr. Servs.*, 21 F. App'x 227 (4th Cir. 2001). Dr. Landa must allege harassment that was (1) unwelcome, (2) because of her religion or protected activity, (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere, and (4) imputable to the defendant. *Wolfe v. Columbia Coll., Inc.,* No. GJH-20-1246, 2021 WL 2805952, at *8 (D. Md. July 6, 2021) (citing *EEOC. v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009)).

Dr. Landa further argues that her supervisors indeed made "negative, incendiary, and derogative comments about her religion." (ECF No. 35 at 5-6.) Dr. Landa cites one example: her allegation that Dr. Hultgren told Dr. Landa that she should have never granted her permission to travel Israel, she had not realized that Passover lasts eight days, and that Dr. Landa was "somehow 'using' her." (ECF No. 33 ¶ 45.) Objectively, Dr. Hultgren's alleged comments do not amount to harassment because of Dr. Landa's religion. *See E.E.O.C. v. Sunbelt Rentals, Inc.,* 521 F.3d 306, 311 (4th Cir. 2008) (a Muslim employee was subjected to harassment because of religion when his coworkers used religiously charged epithets, called him names such as "Taliban" and "towel head," made fun of his appearance, "challenged his allegiance to the United States, suggested he was a terrorist, and made comments associating all Muslims with senseless violence."). The allegations in Dr. Landa's Amended Complaint—taken together—do not allege that University employees used any religious insults, slurs, or epithets toward Dr. Landa. Dr. Landa's allegations do not come close to alleging that her workplace was "permeated with 'discriminatory

intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.'" *Harris,* 510 U.S., at 21 (internal citations omitted).

Finally, Dr. Landa argues that she alleged facts indicating that her supervisors were aware of her internal complaints of discrimination. (ECF No. 35 at 8.) Citing the University of Maryland Policies and Procedures Governing Faculty Grievances, she argues that, after a faculty grievance is filed, the Faculty Ombuds Officer reviews the allegations with the respondents. (*Id*. at 9.) The document she cites, however, indicates that it was last amended on February 7, 2020, and it is not clear what portions of it were in effect during 2016 and 2017. Moreover, she did not make such allegations in her Amended Complaint.

## **CONCLUSION**

For the foregoing reasons and those reasons stated in Defendant's Memorandum of Law in Support of its Partial Motion to Dismiss, the Court should grant Defendant's Partial Motion to Dismiss.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland


/s/ *Kathryn J. Bradley*
KATHRYN J. BRADLEY
Federal Bar No. 21241
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 17th Floor
Baltimore, Maryland 21202
kbradley@oag.state.md.us
(410) 576-6449
(410) 576-6437 (facsimile)

April 29, 2022                                                          *Attorneys for Defendant*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on 29th day of April, 2022, a copy of the foregoing was served on all parties of record via ECF.

/s/ *Kathryn J. Bradley*
Kathryn J. Bradley